**Kuljit KAUR; Jasmine Kaur; Jaskaran Singh, Petitioners,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 07–70734.

United States Court of Appeals, Ninth Circuit.

Submitted June 29, 2010.*

Filed July 16, 2010.

Teresa Salazar, Law Offices of Martin Resendez Guajardo, A Professional Corporation, San Francisco, CA, for Petitioners.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, OIL, U.S. Department of Justice, Civil Div./Office of Immigration Lit. Washington, D.C., for Respondent.

*See* Fed. R.App. P. 34(a)(2).

Before: ALARCÓN, LEAVY, and GRABER, Circuit Judges.

## MEMORANDUM **

Kuljit Kaur and her children, natives and citizens of India, petition for review of the Board of Immigration Appeals' ("BIA") order dismissing their appeal from an immigration judge's ("IJ") decision denying their motion for a continuance of removal proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion for a continuance, *Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir.2009), and we deny the petition for review.

The agency did not abuse its discretion in denying petitioners' August 10, 2005, request for a further continuance because both the BIA and the IJ offered reasoned bases for the denial, and petitioners did not establish that a further continuance would benefit their pursuit of relief from removal. *See Singh v. INS*, 213 F.3d 1050, 1052 (9th Cir.2000) (agency abuses discretion when it acts "arbitrarily, irrationally, or contrary to law") (internal quotation marks and citations omitted); *see also Ahmed*, 569 F.3d at 1012 (evaluating, among other factors, the nature of evidence excluded as a result of the denial of the continuance, the reasonableness of the immigrant's conduct, and the reasoned bases of the agency's denial).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).